## City of Chicago

## v.

## The Wright and Lawther Oil and Lead Mfg. Co.

1. Damages for building viaduct — Ordinance — Evidence.— Where, in an action against a city for damages to plaintiff's property by the construction of a viaduct, an ordinance of the city, by which the city was indemnified for all such damages by a certain railroad company, was read to the jury professedly for the purpose of fixing a date, and was commented upon by counsel. *Held*, that to fix the date it was not necessary the entire ordinance should be introduced; whether the city was indemnified or not was wholly immaterial, and the introduction of such evidence was prejudicial error; even if the entire ordinance was admissible, it was improper for the counsel to comment upon the indemnity clause.

2. Instruction — Evidence.— An error in admitting improper evidence is not cured by an instruction not to regard the same.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed February 12, 1884.

This is an appeal from a judgment for $50,000, recovered by appellee in the court below in an action on the case, for damages alleged to have been done to appellee's property by the construction of a viaduct by appellant on Polk street in said city. Prior to the construction of the viaduct, appellee, being the owner of lots having a frontage of about 150·feet on Polk street and 200 feet on Beach street, erected and fitted up at large expense, buildings for manufacturing linseed oil. The machinery, consisting of heavy presses resting on massive foundation, large tanks, steam engine boilers and other fixtures, was placed in the first or lower story of the building. In 1881, the city constructed a viaduct on Polk street over Beach street, the east approach of which was directly in front of appellee's building, and consisted of a solid embankment of earth and stone, the full width of the street, and about fourteen feet in height, thereby cutting off the light and means of access from Polk street to the main floor of the building.

Upon the trial, the court, against the objection of appellant, admitted in evidence an ordinance of the city, granting permission to the Chicago, Burlington & Quincy Railroad Company to construct and operate railroad tracks between West Harrison and West Twelfth streets.     Sections three and four of the ordinance are as follows:

"Sec. 3.     The permission and authority hereby granted are upon the express conditions that the said railroad company shall pay, or cause to be paid to the city of Chicago, the cost and expense of constructing and erecting a new viaduct on Polk street, over the railroad tracks crossing said street, between Canal street and the Polk street bridge, together with all proper lateral and other approaches necessary thereto, the money necessary therefor to be paid by said company as aforesaid, as fast as required by the city in paying for the construction and erection of said viaduct and the lateral and other approaches thereto, and shall maintain and keep the same in repair without expense or cost to the city of Chicago, such construction, maintaining and keeping in repair to be done pursuant to the direction of the city council, under the supervision of the commissioner of public works, and the permission and authority hereby granted are upon the further express condition that the said railroad company shall pay to the city of Chicago the expense of constructing, erecting, maintaining and keeping in repair viaducts over any of its said tracks, on any street or streets crossed by its tracks, except said Polk street above provided for, with proper approaches thereto, as the city council may from time to time require.  *Provided, however,* that when any such viaduct, except said Polk street viaduct above provided for, can not be constructed across the tracks of said railroad company, without crossing the track or tracks of some other railroad company or companies, the said Chicago, Burlington, and Quincy Railroad Company, shall only be obliged to join such other railroad company or companies in paying the expense of erecting, constructing, maintaining and keeping in repair such viaduct and approaches, and to pay its fair proportion of such expense as between it and such

City of Chicago v. Wright and Lawther Oil and Lead Mfg. Co.

other company or companies; and if such other railroad company or companies shall not join said Chicago, Burlington and Quincy Railroad Company in paying said expense, then, when the proportion of said other company or companies shall be otherwise provided, the said Chicago, Burlington and Quincy Railroad Company shall pay what would be its fair proportion of said expense, in case such other company or companies should join with it in the payment of said expense as aforesaid.

"Said viaduct or viaducts, and approaches thereto, to be constructed according to the plans and specifications of the department of public works.    Said Chicago, Burlington and Quincy Railroad Company shall furnish sufficient outlets for the private property bounded by Harrison street, Twelfth street, Beach street and the south branch of the Chicago river.

"Sec. 4.    The permission and authority hereby granted are upon the further express condition that the said railroad company shall and will forever indemnify and save harmless the city of Chicago against and from any and all legal damages, judgments, decrees and costs and expenses of the same which it may suffer or which may be recovered or obtained against said city, for or by reasons of, or growing out of, or resulting from, the passage of this ordinance, or any matter or thing connected therewith, or with the exercise by said company of the privilege hereby granted, or from any act or acts of said company under or by virtue of the provisions of this ordinance."

Exceptions were duly taken by the defendant to the ruling of the court, admitting the ordinance in evidence.

It appears from the bill of exceptions, that while the plaintiff's counsel was arguing the case to the jury, he was proceeding to state that by the terms of the ordinance, the railroad company would have to pay whatever judgment the plaintiff might recover against the city, whereupon the defendant by its counsel interrupted plaintiff's counsel in his argument, and addressing himself to the court objected to the counsel for plaintiff making such statement to the jury, and insisted that the same was improper; but the court said that the ordi-

nance being in evidence, plaintiff's counsel had the right to comment on it, and overruled the objection and allowed the counsel to continue his comment, to which ruling the defendant duly excepted.

The jury found for the plaintiff $50,000. The city brings the case to this court for review, and assigns various errors.

Mr. FRANCIS ADAMS, for appellant; that the damages are the real, substantial and permanent decrease in value, if any, caused by the construction of the viaduct, cited C. & P. R. R. Co. v. Francis, 70 Ill. 238; Page v. C., M. & St. P. R. R. Co., 70 Ill. 328; City of Shawneetown v. Mason, 82 Ill. 342; City of Elgin v. Eaton, 83 Ill. 537; C. & W. Ind. R. R. Co. v. Berg, 10 Bradwell, 607.

As to the rules of evidence applying where witnesses testify as to the value of real estate: 1 Greenleaf on Ev., 440, 576; Starkie on Ev., 10th ed., 172; Mills on Eminent Domain, 169; Whitman v. B. & Me. R. R. Co., 7 Allen, 316; Pinkham v. Chelmsford, 109 Mass. 225; Rochester, etc., R. R. Co. v. Budlong, 6 How. P. R. 467; Clark v. Baird, 5 Selden (9 N. Y.), 183; McCormick v. Penn. C. R. R. Co., 49 N. Y. 316; Jarvis v. Furman, 25 Hun, 391; Treespenning v. The Conn. Esc. Ins. Co., 43 N. Y. 279; Bedell v. Long I. R. R. Co., 44 N. Y. 367; White v. Hermann, 51 Ill. 243; Lycoming F. Ins. Co. v. Jackson, 83 Ill. 304; Ill. & Wis. R. R. Co. v. Van Horn, 18 Ill. 257; Chandler v. Jamaica Pond Aqueduct, 122 Mass. 305; C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 142.

It was error to permit appellee's witnesses to be limited to giving their opinions as to the value of the premises as an oil mill; all or any of the uses to which land may be put are proper for consideration: Burt v. Wigglesworth, 117 Mass. 306; Harlan v. G. & S. W. R. R. Co., 64 Ill. 353; Miss. Riv. Bridge Co. v. Ring, 58 Mo. 491; Mills on Eminent Domain, § 173; Rickett v. Met. Ry. Co., 2 Eng. and Irish Appeals, 175; Cripps on Law of Corp., 165, 166; Edmunds v. Boston, 108 Mass. 535; Schuylkill N. Co. v. Freidley, 6 Wharton, 109; Salem, etc., R. R. Co. v. Camp, 45 Ga. 180.

Where improper evidence is admitted, it is not cured by instructions not to regard it: Lycoming Fire Ins. Co. v. Ru-

bin, 79 Ill. 402; Lafayette, B. & M. R. R. Co. v. Winslow, 66 Ill. 219.

Messrs. JOHN P. & T. R. WILSON, for appellee; that in determining the value of the property and the amount of compensation to be awarded, the particular use to which the property has been put, and for which it is valuable, may be taken into consideration, cited St. L., V. & T. H. R. R. Co. v. Haller, 82 Ill. 211; L. S. & M. S. Ry. Co. v. C. & W. I. R. R. Co., 100 Ill. 33; City of Shawneetown v. Mason, 82 Ill. 343; St. J. & S. R. R. Co. v. Kirby, 104 Ill. 345; Beckett v. Midland Ry. Co., L. R. 3 C. P. 82; South Park Comrs. v. Dunlevy, 91 Ill. 49.

As to the competency of witnesses: Mills on Eminent Domain, § 169; Butler v. Mehrling, 15 Ill. 488; Ill. & Wis. Ry. Co. v. Van Horn, 18 Ill. 257; Keithsburg & E. R. R. Co. v. Henry, 79 Ill. 295; Ottawa, G., L. & C. Co. v. Graham, 35 Ill. 346; C. & St. L. R. R. Co. v. Woosby, 85 Ill. 373; Cooper v. Randall, 59 Ill. 317.

WILSON, J.  Of the grounds relied upon for a reversal of the judgment below, we shall consider but one, namely, the ruling of the trial court in admitting in evidence the ordinance of the city, authorizing the Chicago; Burlington and Quincy Railroad Company to lay down its tracks in Beach street and permitting appellee's counsel in his argument to the jury to call their attention to, and comment upon, that portion of the ordinance which requires the railroad company to indemnify the city against any damages it might incur by reason of the construction of the viaduct.  The ordinance was in effect merely a license or permit from the city to the railroad company, (not a party to the suit) to construct its tracks in Beach street, upon certain specified conditions to be performed by the company.  Appellee was neither party nor privy to it, and was not bound by any of its terms or conditions.  It was claimed, however, by appellee upon the trial, that it was important to its rights to fix the time when certain of the railroad tracks crossing Polk street, immediately west of appellee's property, had been laid prior to the construction of the viaduct, the argument being that the greater the number of tracks before

the construction of the viaduct, the greater the damage occa-
sioned thereby to appellee's property, and consequently the
smaller the damage resulting to appellee's property from its
construction; and that for the purpose of fixing the dates when
the tracks were laid, and to show that a witness previously
called by the city was mistaken as to the time stated by him,
the ordinance became pertinent evidence. The court, against
the objection and exception of the defendant, admitted the
entire ordinance in evidence, and subsequently, against a like
objection and exception, permitted appellee's counsel to call
the attention of the jury to the fact that the city was indemni-
fied by the ordinance, and that the railroad company would
have to pay whatever damages the jury might find. In this,
we think there was prejudicial error. Whether the city was
indemnified or not was wholly immaterial, either to the
plaintiff's cause of action or to the amount of damages to
which it was entitled. To argue to the jury that the city was
indemnified by the railroad company, so that whatever damages
they should award would not come out of the tax-payers, but
would have to be paid by the railroad company, was to pre-
sent to their minds an improper consideration. Its inevitable
tendency was to make them (to say the least) less circumspect
in estimating the actual loss occasioned by the injury com-
plained of.

It is true the court, at the request of the defendant,
instructed the jury that they should disregard the evidence as
to the liability of the railroad company. This was perhaps a
technical correction of the evil, but we can not say it was effect-
ual to wholly cure it. An impression once created in the
mind is not easily removed. We may close the door after
looking out upon a beautiful landscape, but we do not thereby
shut out the landscape. The vision still remains, photo-
graphed upon the tablet of the brain. The jury could not
forget when considering of their verdict that it was the rail-
road company and not the city that was to pay the damages;
and it is a reasonable inference that this consideration had its
influence in their deliberations. For the purpose for which
the ordinance was professedly offered, namely, to fix a date, it

was not necessary that the entire ordinance should have been introduced.    Section 4, which contained the indemnity clause, was separate and distinct from the other provisions, and conceding that the ordinance furnished competent evidence as to the alleged date, it was only necessary and only admissible to introduce such parts of it as were sufficient to show the date. But even if the entire ordinance were admissible, it was wholly improper for the counsel to comment upon the indemnity clause.    The court properly instructed the jury to disregard the evidence on that subject, and for the same reason should have interposed to prevent the evidence from being discussed.    We can not say that justice has been done in this case, because we can not know to what extent the jury were influenced by the testimony improperly admitted and commented upon by counsel.

We are therefore of opinion that a new trial ought to be had, and accordingly reverse the judgment below and remand the case for further proceedings.

Reversed and remanded.