JOHN F. DUNLEAVY

v.

HENRY C. STOCKWELL.

*Damage Caused by Spread of Fire—Action Against Party Setting Out Same—Statute—Evidence—Instructions.*

1. In an action brought to recover damages from the loss of hay, fence, etc., by fire alleged to have been communicated from a fire set out by defendant contrary to the statute, this court holds, that, the evidence as to whether the fire spread from the one set out by appellant, and as to the amount of damages done, being conflicting, the verdict for the plaintiff will not be disturbed.

2. The defendant having set out fires to burn brush contrary to the statute then in force, was liable for all damage done; and the fact that the destroyed property may have been insured does not affect his liability.

3. Minor exceptions to the evidence and to the instructions overruled, the appellant having suffered no harm thereby.

[Opinion filed December 12, 1892.]

APPEAL from the County Court of Grundy County; the Hon. A. R. JORDAN, Judge, presiding.

Mr. E. L. CLOVER, for appellant.

Mr. S. C. STOUGH, for appellee.

MR. JUSTICE LACEY.   This was an action in case brought by appellee against the appellant to recover damages caused by the setting out of fire by the appellant on his own premises, contrary to the provisions of the statute, by reason of which it ran onto the premises of appellee and consumed his hay, meadow, pasture and his fence. Appellee recovered in the court below the sum of $505. The evidence was circumstantial as to whether the fire set out by appellant on his own premises escaped and ran over onto the prem-

ises of appellee. On the 29th October, 1891, about ten o'clock, A. M., appellant set fire, as he admits, in his own pasture, to some drift wood and brush heaps, situate about one-quarter of a mile distant from the property destroyed. It was a very dry day and the wind was blowing hard toward appellee's stock and property. On the trial the disputed question was, whether appellant extinguished the fire he had ignited at the time he left the premises, about half past eleven o'clock that forenoon, and whether the fire burning the stocks originated from that set out by appellant in the brush heaps, or otherwise. The appellant swears that he put out the fire and was supported by one witness, but several other witnesses testify that they saw the fire burning continuously in the timber from about ten o'clock that forenoon until they left in the evening. It would seem more probable that if the appellant made any attempt to extinguish the fire he had set that he was not careful enough, and that some fire was left burning and that it started up afresh after he left. We think, however, that the evidence was abundant to justify the jury in finding in favor of appellee on the point of the origin of the fire. The property of appellee was undoubtedly consumed by the fire coming from appellant's pasture. If, then, the property of appellee was destroyed by the fire coming from appellant's pasture, set out by the latter, then under the law appellee had an undoubted right to recover against' appellant the value of his property so lost. The day this fire was set out was at a time when such an act was prohibited by the statute. Sec. 18, Chap. 38, Hurd's R. S. The law is that "Whoever unlawfully sets a fire thus prohibited must take all the consequences." Cooley on Torts, page 591. It is insisted that appellee saw the fire in appellant's pasture and might have put it out. But he says that he thought he was burning brush, and appellee thought he would take care of it. At night appellee's attention, while at his home, was called to the fire burning toward his stacks in the pasture about a quarter of a mile away from the stacks. It is insisted that he was negligent in not extinguishing it at that time. The

appellee lived about one and three-quarters of a mile straight across from the timber, and it was a question for the jury as to whether he could have then extinguished it if he had made the effort, of which there is no proof, and also whether he was negligent in not making the attempt. These were all questions for the jury, and it found against appellant on those questions. It appears that both appellant and appellee were at the fire at one or two o'clock in the morning, but when appellee went it does not appear. It is objected that the court refused to allow appellant to show that appellee had insurance on the property destroyed. There was no error in this. If appellant was guilty of setting the fire that destroyed the property, as charged in the declaration, he was primarily liable to appellee no matter how much insurance he had on the property, and if the insurance had been paid, the insurance company could maintain suit in appellee's name to recover over for the insurance so paid.

It is complained that the appellant was not allowed to state whether the conversation he had with appellee at the time the fire occurred about setting the fires, could have been heard by Curran, who was present and gave testimony as to the conversation, and whether Curran was close enough to hear, and also to prove by Curran the size of the hay stacks burned, and how they compared with those left. The appellant received no harm from this ruling of the court. It was plainly shown in the evidence how near Curran was when the above named conversation took place, and it was not shown he had any personal knowledge of the size of the stacks burned, and without this knowledge he could not speak. It was objected that certain questions put to Bruff Hill were not allowed to be answered. Bruff Hill was the witness who informed appellee about ten o'clock at night that the fire was burning in the neighborhood of his stacks, and it was asked of him, by appellant's attorney, how far the fire was from the stubble field at the time.

While this question might properly have been allowed, the situation was so clearly shown by the other evidence, no harm could accrue to appellant from its refusal. The fire

was about a quarter of a mile from the stacks, and the ground was covered with grass and stubble about two inches high. Then it was asked of the same witness, whether at the time, "in his estimation, there was any danger to appellee's stacks." "Was the fire near the stacks?" and "did witness think an ordinarily prudent man, under the circumstances as he saw them, would have taken measures to protect his property?" The first and last of these questions were properly excluded, because it was sought to prove by the witness what was a matter of fact for the jury, to be deduced from all the evidence and circumstances in evidence. It would have been highly improper to allow the witness to give an opinion of this kind, of which matter the jury could judge as well as the witness. It was not a question for expert testimony. The other question had been answered that the fire was a quarter of a mile off from the stacks. It is complained that the court erred in giving appellee's instruction No. 3, by which the jury was told that he could recover for the fence, which appellee swore it cost him $10.05 to replace. We think that there was no error in this. It appears from this he was obliged to replace it, and if so, he could recover, no matter if he held the land under a lease. It is also complained that the court erred in refusing the appellant's instructions, 3, 4, 5, 7 and 9 on the question of contributory negligence, in not putting out the fire when he was informed of its approach. There was no harm to appellant in this refusal, as the court had already given an instruction covering the entire ground in No. 6 given for him, and it was not necessary for the court to repeat the instruction named.

The 11th instruction was properly refused, for the reason that there was no proof of any damages to grass roots aside from the pasture, and none as to future loss of pasture, and as to the fence it appears it must be replaced by appellee, and there was no proof that his lease did not require him to keep up repairs. The 12th refused instruction was erroneous, because it was a violation of the statute to set fire to a brush heap in the midst of the grass, from which fire could

communicate to the adjoining grass and escape to appellant's premises, and if appellant only set fire to those brush heaps or drift disconnected with the grass then he would not be guilty, for the fire was not communicated from them, as the evidence clearly showed. It must have been another fire he set out. According to the statute, a person can not set out fire in the grass or a brush heap in the midst of the grass and escape liability, because he used due diligence in putting it out. If a party sets out fire contrary to the statute he does it at his peril, and he is liable if it escapes and damages others.

It is insisted that the verdict is excessive. This was a matter for the jury to settle, from all the evidence, and this court will not disturb it unless it is manifestly against its weight. If the jury accepted appellee's evidence as to the amount of the hay and the loss to appellee by its destruction, it was ample to sustain the verdict.

It was the province of the jury to weigh all the evidence and find a verdict in accordance with what it deemed the preponderance. The evidence being conflicting and the jury having found in favor of appellee's evidence, we can not disturb it.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*