## KELLEY v. ANDERSON.

1. A complaint alleging that "defendant negligently kindled a fire on his land, and allowed the same to burn continuously for several days, when said fire spread therefrom to plaintiff's farm," consuming a number of plaintiff's sheep does not fail to state a cause of action because there is no allegation that defendant "negligently" allowed the fire to burn continuously or spread from his premises, the term "negligently" applying as well to the continuing and spreading of the fire as to the kindling thereof.

2. Under Comp. Laws, § 2392, providing that if any person shall set on fire any stubble land in the months of April, May, June, or September, such person shall be liable to any one damaged thereby, the setting of such a fire is negligence *per se*, so that no specific proof of negligence need be made in an action for damage caused by such fire; and this, though the action be not in terms brought under the statute.

3. In a suit for damages occasioned by setting fire to stubble in the month of April, prohibited by Comp. Laws, § 2392, evidence that, under the circumstances, it was not negligent to set such fire, is not admissible.

4. Where plaintiff sued for damages occassioned by negligently setting fire to stubble in April contrary to Comp. Laws, § 2392, the contention that setting fire to a straw stack in a stubble field was not setting fire to the stubble, was untenable, since setting fire to the straw stack was the most effectual way of setting fire to the stubble.

5. Where plaintiff's sheep were pasturing on prairie land of another, and were destroyed by fire which defendant negligently allowed to

escape, plaintiff was not negligent, as matter of law, in allowing the sheep to so run at large without being in charge of a herder.

6. The discretion of the trial court as to granting or refusing a new trial will not be disturbed on appeal, unless it appears that such discretion has been abused.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Spink county. HON. A. W. CAMPBELL, Judge.

Action by F. E. Kelley against Jens Anderson, for damages by fire alleged to have occurred through the negligence of defendant. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Korns & Clark* and *Korns & Johnson,* for appellant.

The negligence of the defendant must appear affirmatively from the evidence on the part of the plaintiff. Mattoon v. Railroad, 6 S. D. 301. That one may lawfully kindle a fire upon his own premises is a principle of law that is recognized almost universally. And the liability of the person setting such fire, in case of its spreading, rests solely upon the ground of negligence. Shearman & Redfield on Negligence, § 668; Losee v. Buchanan, 51 N. Y. 476; Clark v. Foot, 8 Johns. 421; Miller v. Martin, 16 Mo. 508; Stuart v. Hawley, 22 Barb. 619; Averitt v. Murrell, 4 Jones 322; Fahn v. Reichart, 8 Wis. 255; Hanlon v. Ingram, 3 Iowa 81; Bolton v. Calkins, 60 N. W. 8. 297.

Sections 2392 and 2398, Compiled Laws, have no application to this case. Sutherland Stat. Const. 349; Emerson v. Gardner, 8 Kan. 452; Railroad v. Dennis, 38 Kan. 425; Cattle Co. v. Kline, 51 Kan. 27; Bunnell v. Hopkins, 42 Ia. 29; Gronnes v. Cummings, 25 Conn. 165; Penn Co. v. Whitlock, 99 Ind. 16

Where the owner of stock permits them to run at large and they

are injured through the negligence of another, the owner cannot recover as he is himself guilty of negligence. Munger v. Railroad, 4 N. Y. 349; Bush v. Brainerd, 1 Cowan 78; Thompson on Neg. 1157; Sherman & Redfield on Neg. 99; Wharton Neg. 335. Where two causes are responsible for an injury, the nearest in point of time is held in law to be the proximate cause. Eaton v. Railroad, 24 Pac. 415; Railroad v. Pindar, 5 Am. Rep. 57; Railroad v. McClelland, 42 Ill. 355.

*S. A. Keenan,* for respondent.

CORSON, J. This is an action for damages. Verdict and judgment in favor of the plaintiff, and the defendant appeals. At the commencement of the trial the defendant objected to the introduction of any evidence on the part of the plaintiff, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled, exception taken, and the defendant now insists that the court erred in admitting the evidence. The complaint in this action is as follows: "(1) That, on the 10th day of April, 1899, and prior thereto, plaintiff was the owner, and in possession, of 150 sheep. (2) That, on the 6th day of April, 1899, said defendant intentionally, negligently, and carelessly kindled a fire on his land, near plaintiff's farm, and allowed the same to burn continuously from the said 6th day of April, 1899, until the 10th day of April 1899, when said fire spread therefrom, burning over several hundred acres of prairie, including land adjoining plaintiff's farm, destroying and consuming said sheep, to plaintiff's damage in the sum of $750, no part of which has been paid. Wherefore, plaintiff demands judgment against said defendant for the sum of $750, together with the costs and disbursements of this action." It is contended on the part of the appellant that there is no allegation in the

complaint that the defendant "negligently" allowed the fire to burn continuously, or to spread therefrom. But we are of the opinion that the complaint does state a cause of action, and that the term "intentionally, negligently, and carelessly" may properly be held to apply to the spreading of the fire as well as to the kindling of the same; and such manifestly, would be the common understanding. Courts do not favor objections to pleadings made at the time of the trial; and, where they can, by any reasonable construction, be held sufficient, they will be sustained.

There was evidence on the part of the plaintiff tending to prove that on the 6th day of April, 1899, certain straw stacks standing on a quarter section of land owned by the defendant were set on fire intentionally, and some evidence, at least, tending to prove that the defendant was the party who set the fires. The evidence further tended to prove that the straw stacks continued to burn until about the 10th, when the fire spread over a portion of the stubble in which the stacks stood, and to the adjoining prairie, on which the plaintiff had a flock of sheep, a number of which were burned by the fire, caused partly by their inability to escape by reason of wire fences. It is contended, on the part of the appellant, that there is no evidence that the defendant was guilty of negligence in permitting the fire to escape from his own land; but the fire in this case was set in direct violation of the statute. Section 2392, Comp. Laws, provides: "If any person or persons shall set or cause to be set on fire any woods, marsh or prairie or any grass or stubble lands in the months of September, April, May or June, such person or persons shall also be liable in a civil action to any person or persons damaged by such fire to the amount of such damages." The straw stacks were set on fire in April, in what is termed a high stubble, through which a header had been run. The act, therefore, of setting the fires at that

time of the year, being in violation of the statute, was *per se* negligence, for which the defendant was liable. It is insisted, on the part of the appellant, that the action was not brought under this statute, and therefore it has no application to the case; but in this we cannot agree with the appellant. It being shown by the evidence that the fires were set in one of the months in which fires upon stubble lands are prohibited, it is not material that the action is not in terms brought under the statute. The evidence, therefore, offered and ruled out under exceptions of the plaintiff, tending to prove that there was no negligence on the part of the defendant in setting his straw stacks on fire at that season of the year, in view of the fact that the ground was wet, and in places covered with snow, was inadmissible; as was also the evidence tending to prove that it was a custom among farmers to burn their straw stacks and other rubbish upon their farms at that season of the year. No custom or practice can be justified which violates the express prohibition of the statute.

It is further contended by appellant that setting fire to the straw stacks, although standing in a stubble is not setting fire to the stubble. This certainly is a very strained construction of the statute. As well might a defendant accused of arson claim that he only set fire to certain combustible materials which were placed in the building burned, and that he did not set fire to the building. It is difficult to perceive how a party could more effectually set fire to stubble than by setting fire to a straw stack in the stubble not protected by a fire break, as provided by Section 2393.

The defendant has called our attention to a number of authorities from Kansas and Iowa, which, he claims, sustain his position that the provisions of Section 2392 are not applicable to this case. In the case of Brunell v. Hopkins, 42 Iowa, 429, which counsel for the appellant claims is the leading case upon this subject, the stat-

ute, as given, shows that it was there provided, "If any person set fire to and burn any prairie or timber land, allowing such fire to escape from his control, * * * shall be guilty of a misdemeanor."

It will be noticed that in this statute the terms "marsh, grass, and stubble lands" are omitted, and that there is no provision in the section that the party shall be civilly liable for the damages that may be caused by any such fire. The fact that the legislature of this state has made the addition to our statute before referred to shows the intention of that body to make the pro--visions of our statute much more sweeping than those of the state before referred to. and, in view of the disastrous consequences resulting from fires in this state, it becomes the duty of the courts to so construe the statute as to accomplish the object the legislature evidently had in view, so far as consistent with the rules of construction.

It is contended on the part of the appellant that the plaintiff was guilty of contributory negligence in allowing his sheep to run at large, without being in charge of a herder, upon prairie land owned by another. But this court cannot say, as matter of law, that allowing sheep in that section of the country to roam over the prairie without a herder upon land owned by a third party necessarily constitutes contributory negligence. That was a question of fact for the jury, under proper instructions. The court instructed the jury that: "On this question, as to whether the plaintiff is guilty of contributory negligence, and on this question alone, the burden is upon the defendant. There will be no presumption that the plaintiff was guilty of contributory negligence; but it is incumbent upon the defendant to prove by a preponderance of the proof, that the plaintiff is guilty, or was guilty, of contributory negligence on his part, and that that was the proximate cause of the loss. So that on the

first proposition, as to whether the defendant started the fire, the burden is upon the plaintiff. On the question of contributory negligence of the plaintiff the burden is upon the defendant; and the rule is that the party on whom the burden of proof rests must establish the proposition on which he is called upon to sustain the burden by a preponderance of the evidence. By a preponderance of the evidence is simply meant that the testimony must be some more convincing to the judgment of the jury on the part of the party having the burden of proof than it is upon the other side." This instruction follows the rule laid down by this court in Smith v. Railway Co., 4 S. D. 71, 55 N. W. 717, which is there stated substantially as follows: "The burden of proving contributory negligence on the part of the plaintiff rests upon the defendant, unless the plaintiff, in making out his case, prove, or give evidence tending to prove, that he was guilty of such contributory negligence; and, when there is no evidence upon the subject, it is the duty of the court to assume that the plaintiff was not guilty of such contributory negligence, and so instruct the jury." The cases were fully reviewed in that decision, and the rule there laid down establishes the law for this jurisdiction.

On the motion for a new trial, one of the grounds for the same was newly discovered evidence; and the appellant contends that the court erred in denying this motion. It appears from the affidavits upon which the motion was based that the defendant resided upon a quarter section of land about a mile distant from the quarter section on which the fires were started, and that some time in the latter part of the month of March he leased the quarter section upon which the fires were started to his son, for the season of 1899, and that this son set fire to the straw stacks in controversy, but left the state about one month before the trial of the action, without communicating to his father the fact that he so set the fires, and

at the time of the trial was in the state of Iowa; and that since the trial, upon learning that a judgment had been entered against his father, he made known to his father the fact that he had set the fires, and that he would so testify; and that his father, the defendant, neither gave directions to, nor knew that his son set the fires. It appeared, however, on the trial of the case, by the testimony of one or more witnesses, that the defendant was the person who set the fires; and it appeared by other witnesses that he admitted, in effect at least, that he set the stacks on fire, and had made offers to the plaintiff to settle with him for his loss, but that they could not agree upon the amount to be paid. The granting or refusing of a new trial upon the ground of newly discovered evidence is largely a matter in the discretion of the trial court; and, unless there has been an abuse of such discretion, this court will not reverse its decision. This question has been recently fully considered by this court in the case of Wilson v. Seaman, 15 S. D. —, 87 N. W. 577, and a further discussion of it seems unnecessary.

The judgment of the circuit court and the order denying a new trial are affirmed.