## Michael Sweeney v. James Connaughton.

1. TRESPASS—*To Real Estate—Instruction Should Limit the Recovery to the Plaintiff's Interest.*—In an action of trespass to real estate for the recovery of damages resulting from fires unlawfully set out by the defendant, where the evidence does not show that the plaintiff was more than a bare occupant of the premises damaged and that he owned only a three-fourths interest in them, an instruction which apparently permits him to recover the entire damage to the land is inaccurate.

Trespass, to real estate. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed January 24, 1902.

COON & ORVIS and ELAM L. CLARKE, attorneys for appellant.

ERNEST S. GAIL and C. T. HEYDECKER, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

James Connaughton brought this suit against Michael Sweeney to recover damages for the destruction, by fire, of trees growing on plaintiff's land, and for the consequent injury to plaintiff's close, it being averred said fire was unlawfully, intentionally, carelessly and negligently

set out by defendant on his adjacent land and spread to plaintiff's land. Defendant pleaded not guilty, and on a jury trial plaintiff recovered a verdict for $300. Defendant asked for a new trial, which was denied. Plaintiff had judgment and defendant appeals.

1. Plaintiff claims the fire started on a certain seven-acre piece of timber, a part of defendant's farm, and situated a considerable distance from the ten acres claimed by plaintiff. The proof shows that some six months before this fire defendant leased this seven acres to his son William for three years, William to clear the tract and to have the wood he cut off and the use of the tract during said three years as his compensation for clearing it. More than a month before this fire William hired a man named Dunn to do the work. Dunn cut down and piled the timber fit for use or sale, and piled the brush, and from time to time burned it. If the fire in question originated on said seven acres it was set by Dunn. William hired and paid Dunn, and defendant had nothing to do either with ordering or directing the work or paying for it. William sold the wood out on the seven acres and kept the proceeds. This evidence was not directly contradicted. It is, however, said this does not constitute a defense to defendant for three reasons: First, the agreement between William and defendant was not in writing. William was in possession under the agreement and engaged in performing it, and the parties had not repudiated it. They alone could set up the statute of frauds against it, and it was good so far as executed. Defendant admitted that so far as he knew, the land could not be cleared without burning the brush, and it is therefore said, second, that he in effect contracted to have the fire set, and is therefore responsible for the fire. We are of opinion there was nothing in the contract which would make him responsible for any negligence or carelessness of William in clearing the land. Third, it is argued that certain circumstances proved, warrant the conclusion the pretended leasing was a mere afterthought, or was merely colorable. It is unnecessary to set out these details. We are of opinion they do not warrant such

a conclusion.    Under the proofs, therefore, if the fire orig-
inated as plaintiff claims, defendant is not liable therefor.

2.    In our judgment the preponderance of the proof
before us is that the fire did not come from said seven acres
or from that direction, but from a quite opposite direction.

3.    The land which the declaration charged belonged to
plaintiff and was burned over was ten acres described as the
northeast quarter of the northeast quarter of the north-
west quarter of section fifteen.    Plaintiff testified orally
that he owned ten acres, the northeast quarter of the
northeast quarter of section fifteen, thus locating it in a
different quarter section from that stated in the declaration.
He read in evidence over defendant's objection and excep-
tion a quit-claim deed to himself from two of his sisters
which described the same property as the declaration, but
it only purported to convey the interest of the grantors and
did not state what that interest was.    It recited that Mary
Connaughton owned these premises at her death, that she
left a last will and testament, and left five children and
heirs at law surviving, naming the grantors and the grantee
and two others, one of whom the deed recited had since
died while a minor and unmarried.    If the proof had shown
that the will of Mary Connaughton devised this land to
her children in equal parts, it would then have appeared
that by this deed one-half the land was conveyed to the
plaintiff and that he had received one-fifth by said will, and
had inherited one-twentieth by the death of his infant
brother, and thus owned an undivided three-fourths of the
land.    But there is neither proof nor recital to whom the
land was devised by Mary Connaughton, and therefore it
does not appear what interest passed to plaintiff by the
deed, and the proof does not show that he is any more
than a bare occupant of the land.    Even if he owned three-
fourths, the instruction which apparently permitted him to
recover the entire damage to the land, was inaccurate.

4.    Some other inaccuracies in the instructions are
pointed out.    The one based on section 18 of the criminal
code, relating to setting woods, etc., on fire, did not cor-

rectly recite the statute. There was a lack of harmony between plaintiff's proof and instruction on the measure of damages. These defects are not likely to be repeated on another trial.

The judgment is reversed, and the cause remanded for a new trial. Reversed and remanded.