## Harry S. Nall v. Robert C. Taylor et al., Appellants.

1. CRIMINAL CODE—*section 18 relating to setting fire to woods, etc.*, *construed*. Section 18 of the Criminal Code relating to the setting on fire of "any woods, prairies or other grounds whatsoever" applies not only to prairies but to cultivated grounds, etc.

2. TORTS—*violation of Criminal Code*. If a person sets fire to a prairie or cultivated ground contrary to the provisions of section 18 of the Criminal Code, he is liable for any damages which proximately results to the property of another.

Action in case. Appeal from the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed May 28, 1910.

MILLS & NEIGER, for appellants.

J. N. GRIDLEY and MILTON MCCLURE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action in case the plaintiff Nall recovered a judgment against the defendants Taylor and Cline, for the sum of $250, from which they have appealed to this court. The first count of the declaration, upon which the cause was tried, charges in substance that, on October 13, 1908, the plaintiff was lawfully possessed of a certain tract of land therein described, upon which he then had certain personal property, and that on said date, "on the prairie near to and adjoining

the said premises of the plaintiff in the county aforesaid and on the lands owned by the defendant Taylor, which land was then and there thickly grown over with dry grass and weeds, and while there was a strong wind blowing from the direction of the said prairie toward the premises of the plaintiff where his said property was located, the defendants negligently, carelessly and intentionally set out and kindled a fire in the dry grass and weeds on said prairie and so negligently and carelessly tended and watched the said fire that the same communicated and extended into and upon said premises of the plaintiff and consumed the above described goods and chattels." The second count charges that on the same day the plaintiff was possessed of the same piece of land on which he had certain goods and chattels, and that at the time aforesaid and "on the prairie near to and adjoining the premises so in the possession of the plaintiff, in the county aforesaid, and on the lands owned by the defendant Taylor, and without notice to the plaintiff, the defendants wilfully and intentionally set on fire the dry grass and weeds on the prairie so owned by the defendant Taylor and immediately adjoining the said premises of the plaintiff, when the setting out of said fire was not required for the preservation of the said premises of the defendant Taylor from accidents by fire; and said prairie fire so wilfully and intentionally set out by the defendants communicated with and extended into and upon the said premises of the plaintiff and consumed his said above described property." Defendants filed a plea of not guilty upon which issue was joined. There was practically no controversy about any of the material facts in the case.

The evidence discloses that the defendant Taylor, on October 13, 1908, was and had been for some time the owner of an enclosed and cultivated farm, which was bounded on the north by a drainage ditch 24 feet wide, so separating Taylor's land from the land of the plaintiff; on the east by pasture land belonging to one Schaad; on the west by a corn-field, and on the south by another drainage ditch. Said tract of land had been overflowed in the year 1908, through a break in the levee, in consequence of which all

but a small part of it grew up in weeds, and considerable debris accumulated as the water subsided. The north part of the tract had been leased for the season of 1909 to the defendant Cline, and the south part to Schaad. Upon the part leased by Cline there was a dwelling house and barn situated about 400 feet south of the drainage ditch first mentioned. On the day in question, Cline and Schaad determined to burn the weeds upon the land occupied by them, and so informed defendant Taylor, their landlord. Before setting a fire for the purpose mentioned, Taylor, Cline, and Schaad, to protect the house and barn upon the land occupied by Cline, set a back-fire around such buildings. When the circuit of the buildings was nearly completed, the wind, which had at the time the fire was set and since been blowing steadily from the south or a trifle west of south, suddenly veered to the west, causing Cline's barn and afterward his dwelling house, to catch fire, and both were destroyed. While the parties were watching the burning buildings, smoke was noticed near the barn on the premises of the plaintiff Nall. Upon investigation they found that fire had been started in a pile of rubbish near such barn, which in turn was communicated to a stack of hay and thence to a barn and implement shed, all of which were eventually totally destroyed. It is not disputed that they used every effort to extinguish the fires and to preserve the property destroyed. The evidence warranted the jury in finding that the latter fire was the result of burning embers being carried by the wind from Cline's buildings.

At the close of all the evidence the defendants asked the court to instruct the jury that the evidence failed to support the allegation of the second count in the declaration, which is based upon an alleged violation of section 18 of the Criminal Code, for the reason that the fire shown by the evidence to have been set, was not set in a prairie and was not a prairie fire within the meaning of said section 18, which reads as follows: .

"If any person shall, at any time, hereafter, wilfully and intentionally, or negligently and carelessly set on fire, or

cause to be set on fire any woods, prairies, or other grounds whatsoever, he shall be fined not less than $5, nor more than $100; Provided, this section shall not extend to any person who shall set on fire or cause to be set on fire any woods or prairies adjoining his own farm, plantation or enclosure, for the necessary preservation thereof from accident by fire between the last day of November and the first day of March, by giving to his neighbors and the owner or occupant of such land, and any person likely to be affected thereby, two days notice of such intention; provided, also, this section shall not be construed to take away any civil remedy which any person may be entitled to for any injury which may be done or received in consequence of any such firing." (Rev. Stat. 1908, p. 708.)

The court refused to give such instruction, but did instruct the jury "that it is positively unlawful for any person in this state to wilfully and intentionally or negligently and carelessly set on fire or cause to be set on fire any woods, prairies or other grounds whatsoever, between the first day of March and the last day of November, unless in a case of necessity," as provided by the statute; and further, that if they found from the evidence that "the defendants set out a fire on the premises or other ground adjoining the premises occupied by the plaintiff, or that the defendants directed such fire to be set out, at a time when a high wind was blowing toward the premises of the plaintiff and when the ground where the fire was set out was covered with dead grass and weeds, which had grown high and thick, and if they further found from the evidence that a reasonably prudent person would have recognized that in view of all the surroundings, if fire was set out it might probably get beyond control, then the defendants set out such a fire or directed it to be set out at their peril, and became responsible in law for all damages naturally and proximately resulting from such fire."

Appellants insist that the judgment should be reversed for the following reasons: First, that the allegations of both counts of the declaration that the fire "communicated with and extended into and upon the said premises of the plaintiff," was not sustained by proof of a fire started by burning

embers carried by the wind a quarter of a mile. Second, that the fire set out by appellants was not the proximate cause of the injury. Third, that section 18 of the Criminal Code has no application to fires started in cultivated fields or door yards. Fourth, that the court improperly tried the case and instructed the jury on the theory that such statute was applicable and that appellants having unlawfully started a fire, were responsible for all injuries directly or indirectly resulting therefrom.

It is obvious that if the statute above quoted is applicable to fire started in cultivated fields or other enclosed grounds, that is to say, other than wild, uncultivated and unenclosed lands, and that appellants were guilty of a violation of the same, they are liable under the second count of the declaration, and become responsible in law for all damages naturally and proximately resulting to the plaintiff by reason of such violation. The question involved has never been decided by our court of last resort. Notwithstanding there are decisions in other jurisdictions which seem to support the contention of appellants, we think the trend of authority in this state tends to support the not unreasonable theory that the purpose of the statute prohibiting the setting out of fire "on any woods, prairies or other grounds whatsoever" was to prevent the setting of fire to the natural growth of vegetation upon the premises; that is, fires of matter grown upon and being on the soil itself, except under the conditions named in the statute, and that this is so without regard to whether or not the land upon which the fire is set is enclosed, unenclosed, cultivated or uncultivated. McNemar v. Cohn, 115 Ill. App. 31; Dunleavy v. Stockwell, 45 Ill. App. 230; Sweeney v. Connaughton, 100 Ill. App. 79; Johnson v. Barber, 10 Ill. 425. The act of appellants was therefore wrongful and they were accordingly liable for any damages which were the proximate and natural result of such act.

Counsel for appellants claim in argument that the chain of causation between the setting of the back-fire and the burning of appellee's property was broken by two things; first, the accidental burning of Taylor's building, and second, the

intervention of the wind carrying the embers to a great distance. They strenuously insist that appellants could not have reasonably anticipated this result from the back-firing about the house and that appellee's loss was therefore not the proximate result of the back-firing, and no right of recovery could exist under any theory. In Seith v. Electric Co., 241 Ill. 252, the court says: "To constitute proximate cause, the negligent act or omission need not be the sole cause nor the last or nearest cause, but it is sufficient if it concurs with some other cause acting at the same time, which in combination with it produces the injury, or if it sets in motion a chain of circumstances and operates on them in a continuous sequence unbroken by a new or independent cause. While it is not necessary to constitute proximate cause, that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, yet it must appear that the injury was the natural and probable result of his negligence, and the question is not determined by the existence or non-existence of intervening events but by the character thereof and the natural connection between the original act and the injurious consequences. The test in determining the question of proximate cause, is whether the person guilty of the first negligent act or omission might have reasonably anticipated the intervening cause as a natural and probable result of his own negligence, and if so the connection between such negligence and the injury is not broken by the intervening cause."

The evidence tends to prove that appellants set out the fire in question without making any investigation as to the probable result; that at the time a high wind was blowing from the south; that there was a dense growth of dead weeds and grass for a distance of some 400 feet north of the point where the fire was set and in a line with the wind then blowing, and further that beyond the ditch appellee's pasture was covered with a heavy growth of dead and combustible vegetation. In view of the foregoing evidence we cannot say as a matter of law, nor that the jury was not justified in finding, that appellants might reasonably have anticipated

not only that Taylor's building might burn, but that the wind was likely to carry embers to a great distance and thus set fire to surrounding property, nor that the setting of the back-fire was not the proximate cause of appellee's loss.

It is contended that since the declaration charges that the fire set out by appellants "communicated and extended" to appellee's property, it was necessary to prove a continuous burning. Such is not the law. If a fire is negligently and carelessly set out or tended, and sparks, whether from a building or growing vegetation, are blown to adjoining property under conditions where any reasonable person could see what might have ensued, then certainly the fire is "communicated." Fent v. Ry. Co., 59 Ill. 349.

The rulings of the trial court upon the instructions were in substantial harmony with the foregoing views as to the law, and we find no error in them which we consider so prejudicial as to warrant a reversal of the judgment.

It is urged that a conversation relating to an offer to settle or compromise was improperly admitted in evidence. Such conversation is not set out or identified either in the statement of the facts or in argument.

The judgment of the circuit court is affirmed.

*Affirmed.*