A. B. SHUTE *et al. vs.* PRINCETON TOWNSHIP.

Submitted on briefs June 11, 1894. Affirmed July 23, 1894.

No. 8869.

**Negligence of independent contractor.**

A town which, through its supervisors, enters into a contract with an individual for the repair of a highway, including the destruction by fire of brush which has theretofore been cut and piled, is not liable for damages caused by the negligence of said contractor when burning the brush.

Appeal by plaintiffs, A. B. Shute and A. A. Shute, from an order of the District Court of Mille Lacs County, *L. L. Baxter,* J., made March 3, 1894, denying their motion for a new trial.

The supervisors of Princeton Township in Mille Lacs County made a contract August 27, 1889, with August Pinz by which he agreed for $40 to burn the brush and grade about forty rods of a new highway, adjoining the farm of the plaintiffs. He hired one of the board to work for him by the day on the job. While thus at work as a servant of Pinz he set fire to some brush in the highway and burned it up. The job was completed about the middle of September. When they left, Pinz and his servant, the supervisor, both supposed the fire was completely extinguished. But plaintiffs gave evidence tending to show that it smouldered in the adjacent swampy ground until September 30, 1889, and then broke out in a wind and ran across their farm and burned all the buildings and all the grain, tools and household goods on the farm.

When plaintiffs' evidence was all in the defendant asked the court to dismiss the action on the ground that it appeared that Pinz was an independent contractor and the defendant not liable for his negligence or that of his servants. The court granted the motion. Plaintiffs excepted and afterwards moved for a new trial, but were denied and they appeal.

*Bruckart & Brower,* for appellants.

The Board of Supervisors of Princeton determined to improve a highway. Umberhaker, a member of the Board, was authorized to

let the contract. He made specifications on behalf of the town. One of the conditions of the contract was, that the contractor should set fire to and burn up brush in the road. After making known the conditions to bidders who had assembled, the contract was let to August Pinz for $40. Umberhaker was designated by the Board of Supervisors to superintend the work on the part of the town, which he did and received pay therefor. He was also employed by the contractor to aid in making the improvements and personally set the fire. These circumstances were sufficient to send the case to a jury for a finding whether or not the town was liable. *Woodruff* v. *Town of Glendale,* 23 Minn. 537; *Peters* v. *Town of Fergus Falls,* 35 Minn. 549; *Township of Hutchinson* v. *Filk,* 44 Minn. 536; *McClure* v. *City of Red Wing,* 28 Minn. 186; *Ashley* v. *Port Huron,* 35 Mich. 296; *Pettigrew* v. *Village of Evansville,* 25 Wis. 223.

*Chas. A. Dickey,* and *Warner, Richardson & Lawrence,* for respondent.

No private action can be maintained against a town for an injury caused by a negligent act done in the direct performance of a public duty imposed upon it by law for the benefit of the public, and from the performance of which the corporation receives no pecuniary profit. *Brown's Adm'rs* v. *Town of Guyandotte,* 34 W. Va. 299; *Howard* v. *City of Worcester,* 153 Mass. 426; *Snider* v. *City of St. Paul,* 51 Minn. 466; *Welsh* v. *Village of Rutland,* 56 Vt. 228; *Burrill* v. *City of Augusta,* 78 Me. 118; *Wild* v. *Paterson,* 47 N. J. Law 406; *Jewett* v. *City of New Haven,* 38 Conn. 368; *Edgerly* v. *Concord,* 59 N. H. 78, 341.

The town could not be held liable for the tort of an independent contractor or his employee. *Eaton* v. *European & N. A. Ry. Co.,* 59 Me. 520; *Scammon* v. *Chicago,* 25 Ill. 424; *McCarthy* v. *Portland Second Parish,* 71 Me. 318; *New Orleans & N. E. R. Co.* v. *Reese,* 61 Miss. 581; *Hughes* v. *Railway Co.,* 39 Ohio St. 461; *Wabash, St. L. & P. Ry. Co.* v. *Farver,* 111 Ind. 195; *Murdfeldt* v. *New York, W. S. & B. Ry. Co.,* 102 N. Y. 703; *St. Louis Ft. S. & W. R. Co.* v. *Willis,* 38 Kan. 330; *Edmundson* v. *Pittsburgh, McK. & Y. R. Co.,*

111 Pa. St. 316; *Harrison* v. *Collins*, 86 Pa. St. 153; *Reed* v. *Allegheny City*, 79 Pa. St. 300.

COLLINS, J. For the purposes of this opinion, it may be assumed that on the trial below it was clearly shown that, when letting the contract to Pinz for the repairing of the highway, the supervisors of defendant town required of the contractor that certain brush which had previously been cut and piled up in the way be destroyed by fire, and also that, through negligence, it was this fire which escaped and consumed plaintiffs' property. But, with this assumption, it does not follow that the town can be held liable in damages. The loss sustained by plaintiffs was not on account of the act required of Pinz by the supervisors, but on account of the careless and negligent manner in which the act was performed.

It was lawful for the town, through its supervisors, to obligate Pinz to remove and destroy the brush by fire, that the road might be made passable, and it was lawful for those engaged in the work to set the fire. The loss, and the liability therefor, arose out of the manner in which, and the circumstances under which, the fire was set, for negligence in the setting is the gist of such an action. *Dewey* v. *Leonard*, 14 Minn. 153, (Gil. 120); *Day* v. *H. C. Ackley Lumber Co.*, 54 Minn. 522, (56 N. W. 243.) And consequently the damages are attributable only to the person guilty of the negligence.

Pinz was an independent contractor, and the town reserved no right, and made no effort, to direct the manner in which he was to perform his part of the contract. He was to do certain work upon the road, including the burning of the brush,—an innocent and lawful act in itself. At what time and under what circumstances he should do this was wholly within his control, and plaintiffs' loss resulted from the way in which he caused this part of his contract to be performed. The defendant town cannot be held for its contractor's negligence when setting a fire, any more than it could have been made liable had the contractor been negligent towards an employé, and damages had resulted.

Plaintiff's counsel calls attention to *Peters* v. *Town of Fergus Falls*, 35 Minn. 549, (29 N. W. 586.) The acts complained of there were alleged to have been those of the supervisors, who were doing work directly for the town, there being no intervening contractor. Even

if the rule of that case is applicable where a fire has been negligently started while road work is being done by or under the immediate direction of town officers, it is not in point here.

Order affirmed.

BUCK, J., absent, took no part.

(Opinion published 59 N. W. 1050.)

Submitted on briefs June 11, 1894.   Affirmed July 23, 1894.