### DOOLEY v. HEALEY et al.

(Supreme Court, Appellate Division, Second Department. June 24, 1904.)

1. NEGLIGENCE—IDENTITY OF DEFENDANT.

Where, in an action for negligence in the handling of a scow alleged to be owned by defendants, plaintiff fails to show that a defendant who interposed a general denial had any interest in the scow, the judgment against him cannot be sustained.

2. SAME—PERSONS LIABLE.

In an action for negligence in the handling of a scow alleged to be owned by defendants, a judgment is not warranted against them where the scow at the time of the accident was under the control of the street-cleaning department of the city.

Hirschberg, P. J., and Hooker, J., dissenting.

Appeal from Municipal Court, Borough of Richmond, First Detrict.

Action by John J. Dooley against Harriet H. Healey and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Guthrie B. Plante, for appellant Harriet H. Healey.
C. P. Kitchel, for appellant William Healey.
Calvin D. Van Name, for respondent.

JENKS, J. The action is for negligence. The plaintiff complains that a mud scow owned by the defendants was improperly moored and handled in the face of a severe storm, so that it was cast adrift, and driven for a mile, and then into collision with the dock, boats, and other property of the plaintiff. The judgment against William Healey must be reversed. His answer is a general denial. Therefore the plaintiff must prove this Healey's interest in the scow. All of the evidence of the plaintiff on this subject points to nothing more than that a William Healey who is a relative of M. H. Healey is a part owner. But William Healey gives evidence that there is another William Healey, also a relative of M. H. Healey, who is the part owner; and he is corroborated by M. H. Healey, who sold the boat to the present owner. Neither witness is contradicted. It appears that the attorney for the plaintiff was told of the error some time after the service of the papers. The William Healey who was served as a defendant was not an intruder. The court was open to show that he was a stranger, as well as to set aside any judgment entered upon his disregard of process intended for another of his full name.

The judgment should be reversed as against both defendants, for it appears that at the time of the casualty the scow was chartered to the street-cleaning department of the city of New York, so that she was then turned over wholly to the city, under its sole and exclusive

dominion and control, and was upon the errand of the department, under its direction and order. The case is controlled by Anderson v. Boyer, 156 N. Y. 93, 50 N. E. 976.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., and HOOKER, J., who dissent.