J. C. SORENSON, Plaintiff and Respondent, v. I. W. SWITZER, Defendant and Appellant, N. VAN DE KLASHORST, Defendant.

(164 N. W. 136.)

**Woods — marsh — prairie — set on fire — negligence — injury from — liability — landowner — fire set by another — not an employee — or acting under direction of landowner — cause of employment.**

Compiled Laws 1913, §§ 2797 and 2798, providing that any person who shall wilfully, negligently, or carelessly set or cause or allow to be set on fire any woods, marsh, or prairie; or any person who shall leave any camp or other fire without thoroughly extinguishing the same, so that such fire shall not spread therefrom,—shall be liable to any person injured for any injury sustained by reason of such fire,—do not render a landowner liable for a fire set upon his premises by another, unless the person who set the fire was acting

---

NOTE.—On duty of one responsible for kindling of fire to prevent its spread from his premises, see notes in 6 L.R.A.(N.S.) 882 and 45 L.R.A.(N.S.) 215.

On liability for setting fire which spread to property of others, see notes in 21 L.R.A. 255, and 36 L.R.A.(N.S.) 194.

On liability of landlord for acts of independent contractor in setting out fire, see notes in 17 L.R.A.(N.S.) 788 and 38 L.R.A.(N.S.) 175.

On liability of private persons for fire, see note in 30 Am. St. Rep. 501.

under the direction of the landowner, or was in the landowner's employ and acting within the course of his employment in setting such fire.

Opinion filed July 21, 1917.

From a judgment of the District Court of Morton County, *J. M. Hanley,* Judge, appellant appeals.

Reversed and dismissed.

*Sullivan & Sullivan,* for appellant.

The findings of fact are wholly insufficient to sustain the conclusions of law. The statutes fix the liability for damages resulting from the setting of fires. Comp. Laws 1913, §§ 2791–2793, and 2808.

The defendant Switzer, under the oral lease, had no authority to direct Van de Klashorst in the use of the premises, and he was not subject to the orders of Switzer, nor was he a servant or agent. 24 Cyc. 880, 1061.

The landowner is not liable for damages resulting from fire caused or set by an independent contractor, by one not in his employ or acting under his directions, or in the due course of his employment. Solberg v. Schlosser, 20 N. D. 307, 30 L.R.A.(N.S.) 1111, 127 N. W. 91; Charlebois v. Gogebic & M. River R. Co. 91 Mich. 59, 51 N. W. 812; Piette v. Bavarian Brewing Co. 91 Mich. 605, 52 N. W. 152; St. Louis, I. M. & S. R. Co. v. Yonley, 53 Ark. 503, 9 L.R.A. 604, 13 S. W. 333, 14 S. W. 800.

The landlord is not responsible for injuries arising on account of the acts of the tenant after the leasing of the premises. Fisher v. Thirkell, 21 Mich. 1, 4 Am. Rep. 422; Harris v. Cohen, 50 Mich. 324, 15 N. W. 493; Johnson v. McMillan, 69 Mich. 36, 36 N. W. 803; 24 Cyc. 1129; Rogers v. Parker, 159 Mich. 278, 34 L.R.A.(N.S.) 955, 123 N. W. 1109, 18 Ann. Cas. 753; Langabaugh v. Anderson, 68 Ohio St. 131, 62 L.R.A. 948, 67 N. E. 286, 14 Am. Neg. Rep. 170.

Facts not included in the findings of fact by the trial court must be presumed to have been found against the party having the burden of proof. McAdams v. Bailey, 169 Ind. 518, 13 L.R.A.(N.S.) 1003, 124 Am. St. Rep. 240, 82 N. E. 1057; Comp. Laws 1913, § 7936; Fried v. Olsen, 22 N. D. 381, 133 N. W. 1041.

The statutes of this state refer only to the person setting the fire, and

not to any person who merely permits the fire to be set, to straw or stubble. Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

*Langer & Nuchols* and *C. F. Kelsch,* for respondent.

When the wrong of two persons jointly contributes to an injury, both of such persons are liable.

If a man discovers a fire upon his premises, whether set or caused to be set by himself, it is his duty to use every reasonable effort of a careful, prudent man to prevent such fire from injuring his neighbors, and, failing in this, he is liable. Baird Bros. v. Chambers, 15 N. D. 618, 6 L.R.A.(N.S.) 882, 125 Am. St. Rep. 620, 109 N. W. 61.

Any person who sets fire to any stubble or prairie, except at the times and for the purposes mentioned in the statutes, is liable for injuries sustained by others. Comp. Laws 1913, §§ 2791, 2808; Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239; Kelley v. Anderson, 15 S. D. 107, 87 N. W. 579.

CHRISTIANSON, J. This is an action to recover compensation for the destruction of plaintiff's property by a prairie fire. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for $200. The defendant Switzer alone appeals. The findings of fact are conceded to be correct, and appellant's sole contention is that the conclusions of law are not warranted by the facts found.

The material facts as found by the trial court are substantially as follows: The defendant Switzer was the owner of a farm in Morton county, which he leased to his codefendant, Van De Klashorst, for the farming season of 1915, by a verbal contract, under the terms of which Van De Klashorst agreed to cultivate the premises, harvest and thresh the crops grown thereon, and deliver one half of such crops to defendant as a rent for said premises. Van De Klashorst, during the times involved in this controversy, occupied the premises under the terms of said contract. The premises had not been cropped the preceding season, and there were situated thereon some straw stacks from former years. These straw stacks presumably belonged to Switzer. Van De Klashorst desired to burn these straw stacks, and saw Switzer, and obtained his verbal permission to do so. After having obtained such permission, Van De Klashorst on April 6, 1915, set fire to the straw stacks. On April 9, 1915, a strong wind scattered fire which remained smoldering

in such straw stacks, to the stubble adjacent thereto, and caused a prairie fire, which spread over adjacent territory and upon the land of the plaintiff, and burned a stack of hay and also burned over certain hay land and pasture land belonging to the plaintiff, thereby damaging plaintiff in the amount of $200. The defendant Switzer was not present at the time the fire was set. No strip of land was plowed or burned encompassing the straw stacks before the fire was set, nor were any fire breaks of any kind plowed around the stacks.

Plaintiff contends that under these facts he was entitled to judgment against both Van De Klashorst and Switzer, under the provisions of §§ 2791–2808, Comp. Laws 1913. It is conceded by Switzer that plaintiff was entitled to recover against Van De Klashorst, but it is earnestly contended that Switzer was in no manner responsible for the acts of Van De Klashorst, either in setting the fire or permitting it to spread. Plaintiff virtually concedes that Switzer would not be responsible under the facts in this case, in the absence of a qualifying statute; but it is contended that under the provisions of §§ 2797, 2798, Comp. Laws 1913, the owner of real property who permits or allows another to set fire thereon becomes liable for all damages occasioned by the fire. These statutory provisions read as follows: "If any person shall wilfully, negligently, or carelessly set or cause to be set on fire any woods, marsh or prairie in this state, or if any person having made any camp or other fire, shall leave such fire without having thoroughly extinguished the same, so that the fire shall spread and burn any wood, marsh or prairie, the persons guilty of setting or causing to be set such fire or leaving such camp or other fire without having thoroughly extinguished the same, so that the fire shall not spread therefrom, is guilty of a misdemeanor, and upon conviction thereof is punishable by a fine not exceeding $200 or by imprisonment in the county jail not exceeding one year, or by both in the discretion of the court, and shall also be liable in a civil action to any person damaged by such fire to the amount of such damage." Comp. Laws 1913, § 2797.

"If the ranch, building, improvements, fences, timber, marsh or other property of any person shall be injured or destroyed by any such fire, the person who causes or allows the same shall be responsible to the person injured thereby for all damage or injury caused or sustained by reason of such fire. If the cattle range or improvements of any person

are injured or destroyed by any such fire, or if the hay upon any such range or the grass growing thereon shall be injured as aforesaid, the person causing or allowing the same shall be responsible to the person owning or claiming the same and injured thereby, for all the damage or injury caused or sustained by reason of any such fire." Comp. Laws 1913, § 2798.

These provisions were enacted and became a part of the laws of the territory of Dakota in 1881, and have with certain modifications been retained as part of the statutory law of this state. As originally enacted, these provisions applied to certain specified counties only. It could not have been the intention of the legislature in the first place to enact a rule of liability such as plaintiff contends for, nor do we believe that the subsequent modification of these sections by the codifiers accomplished any such purpose. The question of liability of the owner or premises on which a prairie fire is kindled and permitted to escape and injure adjacent property owners has twice been considered by this court. The question first arose in Baird Bros. v. Chambers, 15 N. D. 618, 6 L.R.A.(N.S.) 882, 125 Am. St. Rep. 620, 109 N. W. 61, where it was held that the owner of premises on which a prairie fire had been kindled, but who was not responsible for such kindling, was not bound to exercise more than ordinary care and diligence to prevent the fire from spreading. The question again arose in Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224, wherein this court held that in order to hold a party liable for loss occasioned by a prairie fire which it is undisputed he did not set or negligently permit to escape from his control, it must appear that the parties who originated and tended the fire were, in so doing, acting under his express or immediate direction, or that they were at such time in his employ, and required or directed by him to do certain work the due performance of which, in the ordinary course, involved the setting of fire to the prairie grass.

The statutory provisions above quoted were in full force and effect at the time this court promulgated the two decisions above referred to; and while it does not appear from the opinions that they were relied upon, it is difficult to believe that these provisions, familiar as they are to every practising attorney and trial judge in the state, could have escaped the attention of the then members of this court. It will be noted that § 2797, Comp. Laws 1913, makes the wilful, negligent, or careless

setting of fire or causing the same to be set, or the leaving of such fire without having thoroughly extinguishing the same, so that the fire spreads therefrom, a basis of liability. Section 2798, Comp. Laws 1913, makes the person who causes or allows the fire to destroy property responsible to the person injured for the damage sustained by reason of the fire. While the statutes of this state throw a number of restrictions around the setting of prairie fires, and fix certain rules of liability with respect to persons who set or cause fires to be set at a time, or in a manner prohibited by the laws of this state, we are wholly unable to see wherein the legislature has in any of these statutes expressed any intent to enlarge the liability of the owner of the premises on which a prairie fire is kindled to any such degree—as that contended for by the plaintiff. In our opinion these statutory provisions do not render a landowner liable for a fire set by others upon his premises, unless the person setting fire was acting under the direction of the landowner or was employed by him, and required or directed to do certain work the due performance of which in the ordinary course involved the setting of such fire.

In the case at bar there is no finding that the defendant Switzer had any knowledge of the setting of the fire, or of the subsequent existence thereof. The only finding is to the effect that he gave his verbal permission to Van De Klashorst to burn the straw stacks—obviously for the purpose of removing them from the fields where they interfered with cultivation. There is no finding, nor is there any contention, that Switzer in any manner directed the setting of the fire, or had anything to do therewith further than to give his permission that the straw stacks might be burned.

Van De Klashorst had already entered into possession of and was occupying the premises. He had entered into an agreement to cultivate the land on which the straw stacks were situated. Such work would be under his direction and control. He could choose the manner, and employ such means as to him seemed best. So far as the findings show, Switzer had no right to direct or control such work in any manner. The only reason for asking Switzer's permission to burn the straw stacks was that they were Switzer's property, and hence could not be destroyed without his permission. The removal of the straw stacks would facilitate Van De Klashorst's work. He was primarily interested in their

removal. There can be no question but that these straw stacks could
have been burned without the least danger, if proper precautions had
been taken to prevent the escape of the fire. It will be noted that the
prairie fire did not originate until three days after the fire was set,
and the spread of the fire was occasioned by a strong wind which again
fanned into being and scattered the fire which had remained smoldering
in the ash heaps or bottoms of the straw stacks.

It is difficult to understand how negligence can be imputed to Switzer
merely because he gave Van De Klashorst permission to do a thing
which, if properly done, would have caused injury to no one,—unless
it were to Switzer himself. Manifestly Van De Klashorst was not
Switzer's servant, or acting under his direction or in his employment.
Whether the doctrine applicable to independent contractors or the doc-
trine applicable to landlord and tenant be applied is immaterial, as in
either case no liability would exist so far as Switzer is concerned.

Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224; Ferguson v. Hubbell,.
97 N. Y. 507, 49 Am. Rep. 544; Rogers v. Parker, 159 Mich. 278,.
34 L.R.A.(N.S.) 955, 123 N. W. 1109, 18 Ann. Cas. 753; Shute v.
Princeton Twp. 58 Minn. 337, 59 N. W. 1050; 11 R. C. L. p. 942;
Thomp. Neg. § 1164; 2 Underhill, Land. & T. p. 793; Jones, Land.
& T. §§ 599, 605, et seq; Anderson v. Boyer, 156 N. Y. 93, 50 N. E.
976; Dooley v. Healey, 95 App. Div. 271, 88 N. Y. Supp. 965; Langa-
baugh v. Anderson, 68 Ohio St. 131, 62 L.R.A. 948, 67 N. E. 286, 14
Am. Neg. Rep. 170.

The judgment appealed from must be reversed and the action dis-
missed as against Switzer. It is so ordered.

