ADELIA HOGAN, Respondent, v. JOHN BRAGG, Appellant.

(170 N. W. 324.)

**Prairie fire — escape from control — death of husband — caused by — damages — verdict and judgment.**

　　1. The defendant appeals from a verdict and judgment for $1,500 on the charge of permitting to escape from his land a prairie fire which caused the death of the plaintiff's husband.

**Prairie fire statute — application of — setting fire to straw stack on farm — snow on ground — lapse of twenty days before fire escaped — defendant not guilty of negligence.**

　　2. In this case the prairie fire statute does not apply as there was no setting

NOTE.—For authorities passing on the question of liability for injury by prairie fire, see note in 21 L.R.A. 261, where it is held that a back fire set against an approaching prairie fire will render the one setting it liable for the damage caused thereby.

fire to woods, marsh, prairie, or stubble. The fire was set to the bottom of an old straw stack in March, when the ground was covered with snow and when there was not the least apparent danger. Such a fire is a matter of common and yearly occurrence on nearly every farm in the state, and the defendant was in no manner guilty of negligence in permitting the fire to escape after the lapse of twelve days and after a second snow storm.

Opinion filed November 30, 1918.    Rehearing denied December 26, 1918.

Appeal from the District Court of Kidder County, Honorable *W. L. Nuessle,* Judge.

Defendant appeals.

Reversed and dismissed.

*S. E. Ellsworth,* for appellant.

The defendant was not guilty of any negligence. He set fire to a straw pile on his farm so as to remove it out of his way. No prairie fire was set by him or allowed to escape from him. There was a lapse of twenty days after the straw pile was set on fire before it escaped into the field and prairie. A very strong wind came and fanned the fire into a flame. Defendant supposed the fire had burned out.

Defendant and his hired man did all in their power to stop the spread of the fire, by the use of ordinary and usual methods.

Defendant was not liable for failure to use all means possible.

Reasonable effort and the use of such means as are reasonably available is the measure of his duty in such case. Even if defendant had set the prairie fire, he was bound to exercise only ordinary care and diligence to prevent it from spreading. Thomp. Neg. § 729; McCully v. Clark, 40 Pa. 399, 80 Am. Dec. 584; Baird v. Chambers, 15 N. D. 617, 109 N. W. 61.

The object in "imminent peril" from negligence which will permit a volunteer to rashly attempt to save it, and, being injured therein, recover for his injuries of one negligent as though the original negligence were toward him, the volunteer, must be a human being; imminent peril to property is not enough. Eversole v. Wabash Ry. Co. 249 Mo. 523, 155 S. W. 419; Southern R. Co. v. Dixon (Ga.) 75 S. E. 462.

One who voluntarily assumes a position of danger, the hazard of which he understands and appreciates, cannot recover for resulting in-

juries unless there is some reason of necessity or propriety to justify him in so doing. 20 Cyc. 518; 29 Cyc. 982; Drummer v. Milwaukee Elec. R. Co. (Wisc.) 84 N. W. 853; Healy v. Chicago City R. Co. 167 Ill. App. 524; Robinson v. Manhattan R. Co. 25 N. Y. Supp. 91; Straus v. Sage, 25 N. Y. Supp. 93; Maltby v. Beldon, 54 L.R.A. 52, 167 N. Y. 307; Berg v. Great Northern R. Co. (Minn.) 73 N. W. 648.

Where one voluntarily and unnecessarily enters into a very dangerous place knowing fully of such dangers like into a burning building or "woodshed," and sustains bodily injuries, another person cannot be held liable in damages.

Defendant's responsibility cannot be created or increased by such independent and voluntary conduct on the part of plaintiff in putting himself in harm's way.    Cook v. Johnson (Mich.) 25 N. W. 388; Polk v. Spokane Interstate Fair (Wash.) 132 Pac. 401; Wherry v. Duluth M. & N. R. Co. (Minn.) 67 N. W. 223; Teachout v. Grand Rapids G. H. & M. R. Co. ( Mich.) 146 N. W. 241; Wiethoff v. Shedden Cartage Co. (Mich.) 105 N. W. 748; Sapienza v. Worden-Allen Co. (Wis.) 138 N. W. 611.

The question of contributory negligence is for the jury only when the evidence on such subject is conflicting.

Where it is wholly one-sided and shows no negligence on the part of defendant, a directed verdict must be given.    Mares v. N. P. Ry. Co. (Dak.) 21 N. W. 5; Morrison v. Lee, 16 N. D. 337, 113 N. W. 1025.

Here the deceased lost his life directly through his want of the most ordinary care and thought for his own safety, and not through any negligence of defendant.    West v. Northern P. Ry. Co. 13 N. D. 221, 100 N. W. 254; Hope v. R. Co. 19 N. D. 438, 122 N. W. 997; Umsted v. Colgate Farmers Elevator Co. 22 N. D. 242, 133 N. W. 61; Sherlock v. Mpls. etc. Ry. Co. 28 N. D. 128, 147 N. W. 791; Nordby v. Sorlie, 35 N. D. 43, 160 N. W. 70; Derringer v. Tatley, 34 N. D. 43, 157 N. W. 811.

*Knauf & Knauf,* for respondent.

Questions relative to the condition of Mrs. Bragg's mind as to fear of fires, or whether or not she was "apprehensive" of fires, were entirely immaterial, and the court very properly sustained objections to them. American Soda Fountain Co. v. Hogue, 17 N. D. 375, 116 N. W.

339; Bristol & Sweet v. Skappie, 17 N. D. 271, 115 N. W. 841; Mulroy v. Jacobson, 24 N. D. 354, 139 N. W. 698; Iverson v. Look, 32 S. D. 321, 143 N. W. 332.

In the case at bar, the decedent was not such a "volunteer" as is excluded or precluded from recovery, as the law describes and defines such a person. He was working in his own interest and fighting to save his own property. He was trying to prevent his home and property from being destroyed. Ebersole v. Wabash R. Co. 155 S. W. 419; Robinson v. Manhattan R. Co. 25 N. Y. Supp. 91; 146 N. W. 245; Berg v. G. N. R. Co. 73 N. W. 648; Liming v. Railroad Co. 81 Iowa, 246, 47 N. W. 66; Rajnowski v. Railroad Co. 74 Mich. 20, 41 N. W. 847; 78 Mich. 681, 44 N. W. 335; Comp. Laws 1913, § 5948.

When fire is negligently permitted to spread, after being set, there is no reason why the damages sustained therefrom should not be paid. Sekerson v. Sinclair, 24 N. D. 625, 140 N. W. 239; Comp. Laws 1913, § 2793; Wilson v. N. P. R. Co. 30 N. D. 456, 153 N. W. 429 and cases cited; Rajnowski v. R. Co. 78 Mich. 681, 44 N. W. 355; Clanz v. C. M. & St. P. R. Co. 119 Iowa, 611, 93 N. W. 575; Liming v. I. C. R. Co. 81 Iowa, 250, 47 N. W. 66; McKenna v. Baessler, 86 Iowa, 197, 53 N. W. 103; I. C. R. Co. v. Siler, 15 L.R.A.(N.S.) 819, 82 N. E. 362; Wasmer v. D. L. & W. R. Co. 80 N. Y. 213, 36 Am. Rep. 609; Toledo P. & W. Co. v. Pindor, 53 Ill. 447, 5 Am. Rep. 57; Chicago & A. R. Co. v. Pennell, 94 Ill. 448.

Defendant acted prudently and merely did what any right-minded man would do, to save his own property and home from destruction, and his death was the direct result of his exertions in trying to save his property. Liming v. Ill. C. R. Co. 81 Iowa, 250, 47 N. W. 62; McKenna v. Baessler, 86 Iowa, 197, 17 L.R.A. 310, 53 N. W. 103; Rajnowski v. Detroit, B. C. & A. R. Co. 74 Mich. 20, 41 N. W. 847, 78 Mich. 681, 44 N. W. 335; Berg v. G. N. R. Co. 70 Minn. 272, 68 Am. St. Rep. 524, 73 N. W. 648; Illinois C. R. Co. v. Siler, 229 Ill. 390, 15 L.R.A.(N.S.) 819, 82 N. E. 362, 11 Ann. Cas. 368; Wasmer v. Delaware, L. & W. R. Co. 80 N. Y. 212, 36 Am. Rep. 609; Glanz v. Chicago, M. & St. P. R. Co. 119 Iowa, 611, 93 N. W. 575; Sorenson v. Switzer, 37 N. D. 536, 164 N. W. 136; Toledo, P. & W. R. Co. v. Pindar, 53 Ill. 447, 5 Am. Rep. 57; Chicago & A. R. Co. v. Pennell, 94 Ill 448; Wilson v. N. P. R. Co. 30 N. D. 467, 481, 482.

ROBINSON, J. The defendant appeals from a verdict and judgment for $1,500 on the charge of permitting to escape from his land a prairie fire which caused the death of plaintiff's husband. On March 21, 1915, the ground being covered with snow and defendant absent from his home on the southeast quarter 24–141–74, the hired man of defendant did of his own motion set fire to a straw bottom about half a mile from the house. On April 5, as the snow had melted and the straw bottom was still smouldering, the defendant plowed around it six furrows with a gang plow. Then another snow fell and lay for about six days till the fire had apparently burned out. However, at noon of April 9, a high wind from the northwest started up the smouldering fire. This the defendant observed and with his hired man hastened toward the fire which was instantly blown from the straw bottom to the stubble and the prairie, and the result was an immediate and uncontrollable prairie fire.

Soon a number of persons arrived on the scene and all of them took part in fighting the fire. But as the wind continued to blow with great and increasing violence, the fire flew over the prairie. With several others Hogan, the deceased, took the risk of attempting to back-fire and he was caught in the on-rushing flame and fatally burned so he died on the same day.

When the fire was started, it was not subject to the control of any person, and it behooved all persons to keep out of its way. "No man is responsible for that which no man can control." Maxims. (Comp. Laws 1913, § 7260). Even if defendant was negligent in permitting the fire to escape from his land, he was liable only for the proximate loss and not for a death resulting from a person rushing into, or in front of, an onrushing flame. Such a loss is too remote. "For the breach of an obligation not arising upon contract, the measure of damage is the amount which will compensate for all the detriment proximately caused thereby." Comp. Laws § 7165.

Proximate cause is that which in a natural and continuous sequence produces the event. 32 Cyc. 745.

In order to find that an act not a wilful wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it

ought to have been foreseen and guarded against. Milwaukee & St. P. R. Co. v. Kellogg, 94 U. S. 469, 475, 24 L. ed. 256, 259.

True, the statute makes it a misdemeanor to set fire to any woods, marsh, prairie or stubble lands except in the months of July and August without first plowing around the same a strip of land 50 feet wide. Sections 2791, 2792. But here there was no setting fire to woods, marsh, prairie, or stubble. Hence, the prairie fire statute has no application. The fire was set to the bottom of an old straw stack when the ground was covered with snow and when there was not the least apparent danger. Such a fire is a matter of common and yearly occurrence on nearly every farm. And defendant was in no manner guilty of even ordinary negligence in permitting the escape of the fire after the lapse of twelve days and after the second snow; he had no reason to suspect the possibility of such a fire and its escape across the six furrows which he had plowed.

By § 5948, every one is responsible not only for the result of his wilful acts but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has wilfully or by want of ordinary care brought the injury upon himself. It is on this statute that plaintiff must base her claim to recover for the accident and there is no evidence to charge the plaintiff with any lack of ordinary care, and, as the evidence does show beyond question, the deceased brought the injury upon himself by want of ordinary care. Without reason or necessity he purposely ran into the path of an on-rushing prairie fire, and thereby risked and lost his life. There was no evidence to sustain the verdict for the plaintiff, and on the evidence it is clear that the plaintiff has no cause of action.

Judgment reversed and action dismissed.

GRACE, J. I concur in the result.

CHRISTIANSON, J. I dissent.