BOLL. Respondent, v. GRUESNER et al., Appellants.

(176 N. W. 517.)

(File No. 4612.   Opinion filed February 19, 1920.)

1.  **Negligence—Automobile Collision at Street Intersection—Turn at Intersection—Statute, Speed Ordinance.**

Where, in a suit for damages for injury to plaintiff's automobile, his evidence tended to show he was traveling westward along T street at from twelve to fifteen miles an hour until he reached the intersection of S. avenue, when he slowed down to seven or eight miles, that when he reached the intersection he saw defendants approaching from southward on S. avenue in an automobile about 150 feet distant at about thirty-five miles an hour, and that there was a collision between the two automobiles west and north of center of street intersection; it further appearing that defendants crossed to west of center of S. avenue near the southern boundary of the intersection and did not go "to the right and beyond the center of the intersection" in turning westward down T. street; held, that under Laws 1917, Ch. 301, Sec. 1, Subd. 2, providing that every driver of a motor vehicle approaching intersection of a street * * shall grant right of way at such intersection to any vehicle approaching the intersection from his right, and (Subd. 4) every such driver turning into another street * * * to left shall before turning, pass, whenever possible, to right and beyond the center of intersection of the two streets, etc., and an ordinance of Sioux Falls making it unlawful for any driver to drive any motor vehicle upon public streets, * * in the city * * at a greater rate of speed than fifteen miles an hour,—if jurors believed plaintiff's evidence, they were justified in concluding that defendants violated said statutes, and also Sec. 8656, Rev. Code 1919, requiring operator of such vehicle to drive in a careful and prudent manner, and also that defendants were attempting to cross the intersection, or to turn into the east and west street to their left, ahead of plaintiff, regardless of latter's rights and of said statutes and ordinance; plaintiff's presence on west side of north and south street being difficult to expalin on any other theory.

2.  **Same—Last Clear Chance, Doctrine Re Whether Applicable—Rule Stated.**

Held, further, under the evidence that if defendants had kept to right of S. avenue, as plaintiff had the right to believe they would when first discovering defendants, there would have been no collision; and trial court rightly refused to instruct in accord with last clear chance rule, the facts not warranting it, since plaintiff was not required to do "everything possible" after discovering danger to avoid an accident, but only to use

such care and take such course as an ordinarily prudent person would under like circumstances, taking into consideration conditions as they appeared to him at the moment.

3.   **Same—Auto Collision at Street Intersection—Condition of Autos After Accident, As Affecting Verdict.**

Where in a suit for damages for injury to plaintiff's automobile through defendants' collision therewith at a street intersection, the evidence was very conflicting, held, in considering justness of verdict for plaintiff, the position in which the two autos were found immediately after the accident demonstrates that testimony of defendants' witnesses that the spring of plaintiff's car struck the cap of right front wheel of defendant's car, and as to their respective speeds, was untrue; it being contrary to law of physics for those results to have happened from those causes; and the position of respective cars being consistent with truthfulness of palintiff's testimony.

Appeal from Circuit Court, Minnahaha County.  Hon. JOHN T. MEDIN, Judge.

Action by William Boll, against Jake Gruesner and S. M. Graceman, to recover damages resulting from collision of defendants' automobile with plaintiff's automobile.  From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.  Affirmed.

*Cherry & Marker,* and *Lynch & Doyle,* for Appellant.

*Bailey & Voorhees,* and *T. M. Bailey,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Schnabel v. Kafer, 39 S. D. 70, 162 N. W. 935; Huddy on Automobiles, Secs. 409, 410.

Respondent cited: Ray v Brannan (Ala. 1916), 72 S. 16.

(2)   To point two, Appellants cited: Huddy on Automobiles, Sec. 411; and submitted that: It was not a question of which driver had the last clear chance to avoid the collision, but a question of whether appellant would stay in that part of the road where had a right to travel.

GATES, J.   Action for damages caused by the collision of two automobiles.  Plaintiff was driving west on the north side of Twelfth street, and defendants were driving north on the east side of Summit avenue, in the city of Sioux Falls. There was a collision *west* and north of the center of the intersection of the two streets.

There was an irreconcilable conflict in the evidence as to

nearly all of the facts. Plaintiff's evidence tended to show that defendants' car struck plaintiff's. Defendants' evidence tended to show that plaintiff's car did the striking. Plaintiff's evidence tended to show that he was traveling at the rate of from 12 to 15 miles an hour until he reached the intersection, when he slowed down to 7 or 8 miles. Defendants' evidence tended to show a much greater rate of speed. Plaintiff's evidence tended to show that when he reached the intersection he saw defendants coming towards him, about 150 feet distant, at the rate of about 35 miles an hour. Defendants' evidence tended to show that their car was then much nearer the intersection, that plaintiff's car was much farther, and that defendants were traveling at from 12 to 15 miles an hour. The evidence also shows that defendants crossed to the west of the center of Summit avenue, near the south boundary of the intersection, and did not go "to the right and beyong the center of the intersection." Verdict and judgment were for plaintiff. Defendants appeal.

Subdivision 2 and 4 of section 1, chapter 301, Laws of 1917 (now section 8653, Rev. Code 1919), provided:

(2) "Every driver of a motor vehicle approaching the intersection of a street or highway shall grant the right of way at such intersecion to any vehicle approaching such intersection from his right," etc.

(4) "Every driver of a motor vehicle turning into another street or highway to the left shall before turning, pass, whenever possible, to the right and beyond the center of the intersection of the two streets or highways."

An ordinance of Sioux Falls provided:

"It shall be unlawful for any driver to drive any motor vehicle upon the public streets, alleys or public grounds in the city of Sioux Falls at a greater rate of speed than 15 miles an hour."

[1] If the jurors believed the evidence offered on behalf of respondent, they were justified in concluding that appellants violated not only the above statute, but also the statute (now section 8656, Rev. Code 1919) which required the operator of a motor vehicle to drive in a careful and prudent manner, and also that appellants were attempting to cross the intersection, or to turn into Twelfth street on their left, ahead of respondent, regardless of respondent's rights, and regardless of the statute

law of South Dakota and the ordinance of Sioux Falls. Indeed, the presence of appellants on the west side of the center of Summit avenue is difficult to explain upon any other theory.

Appellants contend that, even under the facts as shown by respondent's evidence, respondent was the one at fault because, after discovering appellants, he neither stopped his car nor accelerated his speed, but went on at the same gait. They therefore invoked at the trial, and now invoke, the doctrine of the last clear chance.

[2] It is, we think, entirely clear that if appellants had kept to the right side of the street, as respondent had the right to believe they would, and as respondent had no reason to believe they would not, when he first discovered them, there would have been no collision. The trial court did not err in refusing to instruct the jury in accordance with the last clear chance rule. The facts did not warrant it. The duty of respondent at the moment of discovering appellants is well summed up in a syllabus to the recent opinion in Simmons v. Peterson, 207 Mich. 508, 174 N. W. 536:

"The driver of an automobile is not required to do 'everything possible' after discovering danger to avoid an accident, but is required to use such care and take such course as an ordinarily prudent person would under like circumstances, taking into consideration the conditions as they appeared to the driver at the emergency of the moment."

The decision in Elgin Dairy Co. v. Shepherd, 183 Ind. 466, 108 N. E. 234, 109 N. E. 353, is also quite in point. See, also, Huddy, Automobiles (5th Ed.), § 409. The instructions given to the jury were extremely fair to appellants. We find no error in the record prejudicial to them.

[3] There is another convincing reason why the verdict and judgment should not be disturbed. The position in which the two automobiles were found immediately after the accident demonstrates that the testimony of appellants' witnesses, that the spring of respondent's car struck the cap of the right front wheel of appellants' car, and as to their respective speeds, was untrue. It was contrary to the laws of physics for those results to have happened from those causes. On the other hand, the position of the respective cars was consistent with the truth-

fulness of respondent's testimony as to their respective rates of speed and that the appellant's car struck the respondent's car on the left side near the rear end.

The judgment and order appealed from are affirmed.