LAYTON E. GEORGE, Respondent, v. OSCAR ODENTHAL, Appellant.

(225 N. W. 323.)

· Opinion filed May 3, 1929.

*Simpson & Mackoff,* for appellant.

*Crawford, Cain & Burnett,* for respondent.

Nuessle, J. The plaintiff seeks to recover damages caused by fire.

The record may be said to fairly establish the following facts: In the spring of 1925 the defendant was farming the southeast quarter of section 9, township 147, range 97, in Dunn County, North Dakota. Section 16 immediately south of section 9 was prairie land. The northwest quarter of section 15 which cornered section 9 to the southeast, belonged to the plaintiff. This was partly tilled and had on it several buildings, including some granaries and a log barn and some hay and straw stacks. The south portion of the defendant's quarter in section 9 was cultivated. In the spring of 1925 there were two old straw stacks or butts on this tract. One of them, which we will designate as stack B, was on the section line between sections 9 and 16, and the other, designated as stack A, was about 150 feet north of stack B. To the north of stack A the ground was plowed. To the east and west of stack A the land had been planted to flax in 1924 and the flax stubble had been disked so that fire could not run over it. South of stack A, and between the two stacks, the prairie was unbroken. About 90 feet south of stack A and 60 feet north of stack B, a prairie road or trail passed, running from east to west and circling around stack B. On the 7th of April the defendant was engaged in farm work on this land. Stack A was in his way and he wanted to get rid of it. The cattle had been running to it through the winter and it was

trampled down so as to be not more than 3 or 4 feet high. So the defendant burned off the prairie land between stack A and the road to the south of it, a strip about 90 feet wide. He then set fire to stack A. He left the stack to burn up and made no attempt to extinguish the fire. The next day and on the 9th and 10th, he was engaged in his work in the vicinity of stack A where he could see the stack at intervals. On the 10th he observed no signs of smoke or anything to indicate that the fire continued to burn in the old butt. At noon he went home, about two miles, to dinner. While he was home a violent northwest wind sprang up. Shortly thereafter he observed smoke and fire in the direction of the stacks and he and various neighbors went at once to help fight the fire. It appears that this fire started in the vicinity of stack B and driven southeasterly by the wind swept along an ever-widening path over a portion of sections 15 and 16 and other lands beyond. The log barn, the granaries with their contents, the hay and straw stacks on section 15 which belong to the plaintiff, were burned, as well as the pasture, pasture fence and certain timber belonging to him. The plaintiff and others going back to the vicinity of stack B found that this stack was burned and that the prairie between stack B and the road was burned over. No one saw the fire start. There is no direct evidence as to whence it came. It appears that various riders were riding about the country at this time looking for stock and the defendant argues that some of these must have passed along the road and dropped a match or cigarette, thus starting the fire. Plaintiff's contention, however, is and this is strongly borne out by the circumstances, that the fire in stack A had not died out and that the violent wind blew sparks from it across the burned ground to the unburned prairie south of the road, whence the fire thus kindled spread first to stack B and then onward.

The plaintiff brought this action for damages predicated upon the theory that it was caused by the defendant's negligence in setting the fire and permitting the same to escape. The defendant, resisting the action, denied all the allegations of the complaint and in addition set up that though the plaintiff was damaged by the fire the same was set by some person unknown, and, further, that the plaintiff was guilty of contributory negligence which resulted in the damage sustained by him. The cause came to trial before the court without a

jury. The court made findings of fact consistent with the plaintiff's theory and held that the defendant was liable for the damage suffered by the plaintiff and ordered judgment to that effect. Judgment was entered accordingly. Thereafter the defendant moved for a new trial, and his motion being denied, perfected this appeal from the judgment and from the order denying his motion.

The complaint is general. It sets forth that the defendant negligently started the fire and permitted the same to spread to dry grass and stubble and thus do the damage complained of. At the beginning of the trial and before any testimony was taken, the defendant moved the court to require the plaintiff to elect whether he would rely upon the negligence of the defendant in starting the fire or upon his negligence in permitting it to escape. The court indicated his opinion that the action was for negligence in permitting the fire to escape, but said: "I think the better way would be to take the testimony as long as the matter is before the court without a jury then the matter can be segregated later on." At the close of the trial the defendant renewed his motion. The plaintiff then stated that he was relying upon the fire statute and the absolute liability imposed thereby and submitted the case on that theory. The court then said: "I think you gentlemen can submit your contentions and I will look over the evidence in connection with them. I don't know just what the legal status of this matter is, quite, so I think that will be the better way." Under the circumstances there was no error in the court's disposition of the matter. The case was tried to the court. The defendant was apprised that the plaintiff predicated his case upon the statute and the liability arising from a violation thereof. We cannot see that the defendant suffered any prejudice on account of the course adopted.

The defendant contends that, in any event, the evidence is not sufficient to sustain the judgment. He first insists that there is no evidence that the fire which damaged the plaintiff was started by the defendant either from stack A or otherwise. Defendant's testimony was that he observed the remains of stack A on the morning of the 10th before the fire and that there was no indication of fire there at that time. After the fire and on the same day he examined this stack butt and there was no sign of fire in it at that time. However, that there was a fire cannot be gainsaid. It started immediately down the

wind from stack A. The stack butt was an old one. It had been out in the weather through the winter. Cattle had trampled it down. It was such a one that a fire would smolder in it for a long time. Defendant made no attempt to extinguish the fire or to ascertain that it was extinguished. He did not particularly examine the stack butt until after the fire which damaged the plaintiff. The circumstances, all taken together, are such as to well warrant a finding that the fire started in the manner as the plaintiff contends. There was nothing more substantial than suspicion to indicate that it started in any other way. The trial court found against the defendant on this matter and the finding must stand. The defendant next urges that even though the fire which damaged the plaintiff was started from sparks blown from stack A, nevertheless the evidence is insufficient to sustain the judgment for the reason that there is no evidence of negligence on the part of the defendant in permitting the fire to escape. His theory in this respect is that he had a right to burn stack A. He argues that stack A was not in stubble or prairie and that he did not violate the statute, §§ 2791 and 2792, Comp. Laws 1913, when he burned it; that he was required only to exercise due care, that is, such care as a reasonably prudent man would have exercised under the circumstances to prevent the fire escaping from stack A; that he used such care and therefore there was no negligence and so no liability on his part. If §§ 2791 and 2792, supra, were the only sections of the statute under which liability for damages caused by fire might arise, there would be much substance to the defendant's contention. We are of the opinion, however, that these sections have no application under the facts in the instant case and that §§ 2797 and 2798, Comp. Laws 1913, control here. These sections read as follows:

"If any person shall wilfully, negligently or carelessly set or cause to be set on fire any woods, marsh or prairie in this state, or if any person having made any camp or other fire, shall leave such fire without having thoroughly extinguished the same, so that the fire shall spread and burn any wood, marsh or prairie, the persons guilty of setting or causing to be set such fire or leaving such camp or other fire without having thoroughly extinguished the same, so that the fire shall not spread therefrom, is guilty of a misdemeanor, and upon conviction thereof is punishable by a fine not exceeding two hundred dollars or by

imprisonment in the county jail not exceeding one year, or by both in the discretion of the court, and shall also be liable in a civil action to any person damaged by such fire to the amount of such damage."

"If the ranch, building, improvements, fences, timber, marsh or other property of any person shall be injured or destroyed by any such fire, the person who causes or allows the same shall be responsible to the person injured thereby for all damage or injury caused or sustained by reason of such fire. If the cattle range or improvements of any person are injured or destroyed by any such fire, or if the hay upon any such range or the grass growing thereon shall be injured as aforesaid, the person causing or allowing the same shall be responsible to the person owning or claiming the same and injured thereby, for all the damage or injury caused or sustained by reason of any such fire."

These sections impose a rule of absolute liability upon him who starts a fire, however proper its purpose may be, and leaves it unextinguished so that it escapes and spreads to any wood, marsh or prairie and thereafter does damage. These sections impose a duty to extinguish any fire that may be made. Sorenson v. Switzer, 37 N. D. 536, 164 N. W. 136. A failure to perform this duty is negligence per se. See Kelley v. Anderson, 15 S. D. 107, 87 N. W. 579; Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239; Sorenson v. Switzer, supra. See also cases cited in note, 45 A.L.R. 870, et seq. The defendant relies upon the case of Hogan v. Bragg, 41 N. D. 203, 170 N. W. 324, and insists that this case sustains his contention. The facts in the Hogan Case are in many respects similar to those in the instant case. But the Hogan Case merely holds that there was no liability on those facts under §§ 2791 and 2792, Comp. Laws 1913, which forbid the setting on fire of any woods, marsh or prairie, or any grass or stubble lands except in the months of July or August. The court in the Hogan Case held that under the circumstances the setting of the fire to the stack there was not a setting of fire to any woods, marsh or prairie or any grass or stubble land, and distinguished the case in that respect from the case of Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239. The Hogan Case was brought to recover on the theory of absolute liability for setting a forbidden fire. The statute above quoted, §§ 2797 and 2798, recognize that fires may be set for proper purposes,

but provide that when so set they must be extinguished and make the failure to extinguish such fires negligence per se. The instant case is brought on the theory that the defendant was negligent in permitting the fire to escape. The fire escaped because the defendant failed to comply with the statute and extinguish it. The evidence is ample to sustain the judgment against the challenge of insufficiency in this respect.

The defendant further insists that the plaintiff was guilty of contributory negligence in that it appears that the granaries belonging to him which were destroyed in the fire together with their contents, were covered with straw. When the plaintiff threshed, the straw from the separator apparently was blown on and around these granaries. Defendant's contention is that if this straw had not been thus blown on to the buildings they would not have burned; that therefore the plaintiff was guilty of negligence in this respect. It seems to us that there can be no possible merit to this contention. The defendant had the right, if he saw fit, to cover his buildings with straw and to assume that no one would be so negligent with respect to fire as to cause the straw stacks or anything that they might cover, to be burned.

Various rulings of the trial court in receiving evidence are excepted to. The case was tried to the court without a jury. Without reciting these rulings in detail, it is enough to say that certain evidence was received over the defendant's objection. Conceding that these objections were good and the evidence not properly admissible, nevertheless it will be presumed that such evidence so received was not considered by the court in making his findings and conclusions unless such inadmissible evidence was so essential that the court's findings could not have been made without it. Viewed in this manner there were no rulings which in themselves warrant a reversal. At most they result in error without prejudice. Considering the evidence as a whole it is sufficient, without that which was thus objected to, to sustain the findings and judgment.

Lastly, the defendant urges error with respect to the matter of damages. The plaintiff claims to recover for the various items of his property which were destroyed. Over the defendant's objection he was permitted to testify as to the value of the log barn and of the granaries. Little foundation was laid for this testimony other than

that he was the owner of the property in question. It appears, however that the barn was built of cedar logs, and the plaintiff testified as to the number and value of the logs used in the building and claimed to be acquainted with the value of the logs of the character used. So there was no error in receiving his testimony as to the value of the barn. The granaries destroyed were small, insignificant buildings in a state of disrepair. They had been built for a long time. They were movable structures and had been moved onto the plaintiff's land in section 15. The plaintiff was permitted to testify as to their value without showing that he was conversant generally with the value of such buildings or of the material of which they were built. It seems to us that under the circumstances, and considering the character of the buildings, the fact that the plaintiff was the owner warranted him in testifying with respect to their value. See Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239.

The judgment and order appealed from must be and are affirmed.

BURKE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.