L. E. IMUS, Plaintiff and Respondent,

v.

Arthur F. HUBER, Defendant and Appellant.

No. 7480.

Supreme Court of North Dakota.

July 8, 1955.

Rausch & Chapman, Bismarck, for appellant.

J. K. Murray, Bismarck, for respondent.

AMUNDSON, District Judge.

The plaintiff sued the defendant for damages to his automobile caused by the alleged negligence of the defendant. Defendant answered denying negligence on his part and counterclaimed for damages to his automobile caused by plaintiff's alleged negligence.

This action was tried to the court, without a jury, resulting in a judgment for $249 in favor of the plaintiff. Defendant has appealed and asks for a trial de novo.

The defendant attacks the sufficiency of the evidence to establish, (1) defendant's negligence; (2) the amount of damages.

The evidence shows that the plaintiff was driving his 1937 Dodge two door sedan east on Avenue C in the City of Bismarck, North Dakota; that the defendant was driving west on said Avenue C in his 1948 Studebaker sedan; that the two cars collided at the intersection of Avenue C and Sixth Street at about 6:39 P.M. on the 5th day of December, 1953, a short distance west of the east pedestrian lane of Sixth Street. Avenue C runs east and west and Sixth Street north and south. Avenue C is 28 feet wide.

After the collision plaintiff's automobile faced east near the south curb of Avenue C, and was badly damaged from the left front door to the rear. Defendant's automobile faced southwest, with its front wheel turned to the left, the left front wheel bent, the left front tire flat with a large gash in

it; and was damaged at the left front end. There was debris and glass directly in front of defendant's automobile, about 5 to 5½ feet to the south of the centerline of Avenue C. Defendant's automobile was at least 3½ feet over the centerline in the south lane of Avenue C, according to defendant's own testimony. Defendant testified that his automobile stopped immediately upon the impact.

■. There was no evidence establishing negligence or contributory negligence on the part of the plaintiff.

The statutes provide that a vehicle shall be driven on the right half of the highway, upon all highways of sufficient width, Section 39–1001, RCND 1943; when crossing intersections, Section 39–1002; and when meeting vehicles proceeding in the opposite direction, Section 39–1003.

■ The evidence shows that the defendant was violating the above statutes or that he did not have his automobile under proper control. Boll v. Gruesner, 42 S.D. 528, 176 N.W. 517. Violations of statutory rules of the road and safety are evidence of negligence. Spenningsby v. Peterson, N.D., 67 N.W.2d 913; Knudson v. Arendt, N.D., 56 N.W.2d 340.

■ The measure of damages for injury to an automobile is the difference in market value immediately before and immediately after the accident, if there is a market value. Harmes v. Markham, N.D., 60 N.W.2d 267. If there is no market value, the question to be determined is, what is the value. There was no evidence to show that there was a market where, " 'other property of the same kind must have been the subject of purchase or sale to so great an extent and in so many instances that the value becomes in a measure fixed.' " McGilvra v. Minneapolis, St. P. &

S. Ste. M. R. Co., 35 N.D. 275, 159 N.W. 854, 857.

■ The plaintiff as owner, and without the showing of further qualifications, testified that the value of the automobile immediately before the collision was $300 and immediately after the collision was $10. He was competent to so testify. Seckerson v. Sinclair, 24 N.D. 625, 140 N.W. 239; George v. Odenthal, 58 N.D. 209, 225 N.W. 323; McGilvra v. Minneapolis, St. P. & S. Ste. M. R. Co., supra.

Plaintiff also testified that he expended $155 in repairs on his automobile within three months next preceding the collision and that the lowest bid he received for repairing the same after the collision was $249.

A local automobile sales manager, with twenty-two years experience in buying and selling used automobiles, but who had never seen the Dodge automobile in question, testified, as a witness for defendant, that a 1937 Dodge, in excellent condition, was of the market value on the date in question, at Bismarck, North Dakota of $50 to $75.

The amount of damages resulting from the collision herein is based upon opinion evidence. Ackerman v. Fischer, N.D., 54 N.W.2d 734.

■ The trial court's findings are given appreciable weight and its findings both on the question of negligence and damages are amply sustained by the evidence. Belt v. Belt, 75 N.D. 723, 32 N.W. 2d 674; Gussner v. Mandan Creamery & Produce Co., N.D., 51 N.W.2d 352.

The judgment is affirmed.

BURKE, C. J., and GRIMSON, MORRIS, and SATHRE, JJ., concur.

JOHNSON, J., did not participate.